IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAR - 1 2006

JAMES W. McCORMACK, CLERK
By:_____
                    DEP CLERK

UNITED STATES OF AMERICA

v.     No. 4:05CR00109 JLH

ROBERT PHILLIP BREVARD, III
aka ROB;
BRODERICK CHUNN, aka MONEY B.;
ALLISON MTHIMKHULU
STEPHEN BURKS

PRELIMINARY ORDER OF FORFEITURE
Fed.R.Crim.P. 32.2(b)

IT IS HEREBY ORDERED THAT:

1. As the result of a guilty plea to Count One of the Second Superseding Indictment filed on June 8, 2005, and a stipulation of the defendant, STEPHEN BURKS, in which he agreed to the forfeiture of any interest in a sum of money equal to approximately $19,900.00 in U. S. Currency representing the amount of proceeds obtained as a result of the offense set forth in Count 1, and his interest in a 2001 Dodge Dakota Truck VIN # 1B7HL2AX91S262414 that the Government sought pursuant to Title 21, United States Code, § 853; and

2. As the result of a guilty plea to Count One of the Superseding Information filed on November 4, 2005, and a stipulation of the defendant, ALLISON MTHIMKHULU, in which she agreed to the forfeiture of any interest in a sum of money equal to approximately $11,388.00 in U. S. Currency representing the amount of proceeds obtained as a result of the offense set forth

in Count 1, that the Government sought pursuant to Title 21 United States Code, § 853;

  3. As the result of a guilty plea to Count One of the Superseding Indictment filed on June 8, 2005, and a stipulation of the defendant, ROBERT PHILLIP BREVARD, III, aka ROB, in which he agreed to the forfeiture of any interest in a sum of money equal to approximately $19,900.00 in U. S. Currency representing the amount of proceeds obtained as a result of the offense set forth in Count 1 that the Government sought pursuant to Title 21, United States Code, § 853; and all the above stated defendants, STEPHAN BURKS, ALLISON MTHIMKHULU, and ROBERT PHILLIP BREVARD, III, aka ROB shall forfeit to the United States:

  a. All property used or intended to be used in any manner or part to commit the commission of offenses involving Title 21, United States Code, Section 841 and 846;

  b. Any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation.

  4. The Court has determined, based on the evidence already in the record that the following properties are subject to forfeiture pursuant to Title 21, United States Code, § 853(a), and that the government has established the requisite nexus between such property and such offenses:

  a. A sum of money equal to approximately $19,900.00 in

    U. S. Currency representing the amount of proceeds obtained as a result of the offense set forth in Count 1;

b. A 2001 Dodge Dakota Truck VIN # 1B7HL2AX91S262414 seized from STEPHEN BURKS;

c. Approximately $11,388.00 seized from ALLISON MTHIMKHULU;

5. Upon the entry of this Order, the United States Attorney General (or a designee) is authorized to seize the above listed property and to conduct any discovery proper in identifying, locating, or disposing of the property subject to forfeiture, in accordance with Fed.R.Crim.P. 32.2(b)(3).

6. Upon entry of this Order, the United States Attorney General (or a designee) is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

7. The United States shall publish notice of the order and its intent to dispose of the property in such a manner as the United States Attorney General (or a designee) may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the Subject Property.

8. Any person, other than the above named defendants, asserting a legal interest in the Subject Property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the Court for a hearing

without a jury to adjudicate the validity of his alleged interest in the Subject Property, and for an amendment of the order of forfeiture, pursuant to Title 21, United States Code, § 853(n)(2).

9. Pursuant to Fed.R.Crim.P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed.R.Crim.P. 32.2(c)(2).

10. Any petition filed by a third party asserting an interest in the Subject Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Subject Property, any additional facts supporting the petitioner's claim and the relief sought.

11. After the disposition of any motion filed under Fed.R.Crim.P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

12. The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in Title 21, United States Code, Section 853(n)(2) for the filing of third party petitions.

13. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed.R.Crim.P. 32.2(e).

SO ORDERED this 1st day of March, 2006.

_____
UNITED STATES DISTRICT JUDGE